UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CIVIL LIBERTIES UNION, on
behalf of its members, and
AMERICAN CIVIL LIBERTIES UNION OF
MICHIGAN, on behalf of its members,

Plaintiffs,

v.

TRINITY HEALTH CORPORATION, an
Indiana corporation, and TRINITY
HEALTH – MICHIGAN, a Michigan
corporation,

Defendants,

and

CATHOLIC MEDICAL ASSOCIATION, on
behalf of its members, CHRISTIAN
MEDICAL and DENTAL ASSOCIATION, on
behalf of its members, and AMERICAN
ASSOCIATION OF PRO-LIFE
OBSTETRICIANS AND GYNECOLOGISTS,
on behalf of its members,

Defendant-Intervenors.

_____/

Case No. 15-cv-12611

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
AND DENYING PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT [46]**

-1-

## I. INTRODUCTION

The American Civil Liberties Union of Michigan commenced this action, on behalf of their members, on July 23, 2015 against Trinity Health Corporation and Trinity Health-Michigan ("Defendants"). *See* Dkt. No. 1. On October 1, 2015, Plaintiffs filed an Amended Complaint adding the American Civil Liberties Union ("ACLU") as a Plaintiff. *See* Dkt. No. 4. On November 6, 2015, Defendants filed a Motion to Dismiss. *See* Dkt. No. 15. On April 11, 2016, the Motion was granted. *See* Dkt. No. 44.

Presently before the Court is Plaintiffs' Motion for Reconsideration [46]. For the reasons discussed below, the Court will **DENY** the Plaintiffs' Motion.

## II. LEGAL STANDARD

Under this Court's Local Rules, the Court may not grant a motion for reconsideration which merely presents the same issues that the Court already ruled on. LR 7.1(h)(3)(E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

# III. DISCUSSION

## A. Standing

Plaintiffs first argue that the Court erred in stating that "Plaintiffs lacked standing to pursue injunctive relief on behalf of their members because Plaintiffs failed to demonstrate that the prospective harm was 'inevitable.' " Dkt. No. 44 at 10. According to Plaintiffs, the Court's holding required Plaintiffs' members to prove that their future harm was "inevitable," and should have instead only required a showing of substantial risk of harm or certainly impending harm. This is a misstatement of the Court's holding.

In the Court's original opinion, the Court stated, "[Plaintiffs] have [pled] no facts, nor brought any supplemental evidence to explain why this member in particular faces *a substantial risk* of having pregnancy complications." Dkt. No. 44 at 11 (emphasis added). The Court further held that "[g]iven the events that must materialize, [Plaintiffs'] risk of harm, as currently [pled], cannot be characterized as 'certainly impending.' " *Id.* Therefore, the Court utilized the same standard as advocated for by Plaintiffs in their Motion for Reconsideration.

Plaintiffs further argue that at least one of their members has a history of pregnancy complications, and "one of '[t]he most common risk factors identified among women who have experienced early pregnancy loss [is] . . . a prior early pregnancy loss.' " Dkt. No. 46 at 12 (Pg. ID No. 767) (quoting *Practice Bulletin:*

*Early Pregnancy Loss*, THE AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS, Number 150 (May 2015)). However, Plaintiffs neither cited nor attached any clinical studies or medical bulletins in their Complaint. Moreover, Plaintiffs failed to provide this information in their Response Brief to Defendants' Motion to Dismiss. *See* Dkt. No. 32. Thus, this is a new argument, and does not demonstrate a palpable defect in the Court's prior Order.

Finally on this point, Plaintiffs argue that the Court's holding requires "Plaintiffs' member to wait until she miscarries again and is in need of immediate emergency treatment to file a claim that could not be adjudicated until the harm has already occurred." Dkt. No. 46 at 13 (Pg. ID No. 768). This is also a misstatement of the Court's opinion. The Court's holding does not require Plaintiffs' members to miscarry before they gain standing. Rather, the Court's holding only requires that the Complaint allege sufficient facts to demonstrate that there is a substantial risk of harm.

Moreover, even if Plaintiffs' argument properly characterized the Court's reasoning, which it doesn't, the Plaintiffs still have failed to explain why the claim is ripe for review under *Gonzales v. Carhart*, 550 U.S. 124, 167 (2007). Therefore, Plaintiffs' argument fails to show a palpable defect that would result in a different disposition of the case.

## B. "Distinct Standing" Under the Rehabilitation Act

Plaintiffs next argue that the Court failed to consider the "distinct standing" doctrine under *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 580 (6th Cir. 2014). Dkt. No. 46 at 14 (Pg. ID No. 769). Under *Gaylor*, Plaintiffs argue, in order to establish standing for a claim of future harm under the Rehabilitation Act, the plaintiff need only assert a "plausible intent to return to the non-compliant accommodation or that the disabled individual would return, but is deterred from visiting the non-compliant accommodation because of the alleged accessibility barriers." *Id.* at 15 (Pg. ID No. 770) (quotations omitted). The Court disagrees.

The two part test used by the *Gaylor* court has primarily been used to determine when a building's physical barriers are in violation of the American with Disabilities Act ("ADA"). *See Steger v. Franco, Inc.*, 228 F.3d 889, 891–92 (8th Cir. 2000) (holding Plaintiff had standing to compel Defendant to bring building up to ADA standards); *Kreisler v. Second Ave Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (holding Plaintiff had standing to compel Defendant to make restaurant accessible to wheelchairs); *Scherr v. Marriott Intern., Ind.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (holding Plaintiff had standing to sue hotel over its use of spring-hinged doors); *Daniels v. Arcade, L.P.*, 477 F. App'x 125, 130 (4th Cir. 2012) (holding Plaintiff had standing to sue market that was inaccessible to wheelchairs).

In these cases, the future harm results merely from the plaintiff visiting the building, learning of a physical or structural barrier, and anticipating having to negotiate the barriers "in the imminent future…." *Steger*, F.3d at 892. Here, Plaintiffs have not alleged that Trinity hospitals are inaccessible to pregnant women. The future harm does not stem from negotiating a barrier, but instead arises from not receiving a certain type of medical treatment. Therefore, this claim is distinguishable from *Gayler*, and Plaintiffs must still demonstrate more than just a "plausible intent" to return to the hospital. Plaintiffs are required to demonstrate that there is substantial risk of imminent harm. Accordingly, this argument fails as well.

**C. Plaintiffs' Request for Leave to Amend the Complaint**

Finally, the Plaintiffs have asked for leave to amend the complaint to "supplement the complaint with more specific allegations of the risk of harm to Plaintiffs' members to cure any deficiencies identified in the Court's dismissal order." Dkt. No. 46 at 18 (Pg. ID No. 773).

The Court will deny the Plaintiffs' request to grant leave to amend on reconsideration. This matter has been dismissed. However, since the matter was dismissed without prejudice, *see* Dkt. No. 45, Plaintiffs are free to submit a new complaint containing the changes believed to be necessary to gain standing.

## IV. CONCLUSION

For the reasons discussed above, the Plaintiffs' Motion [46] is **DENIED** along with the request for leave to amend.

IT IS SO ORDERED.

Dated: August 15, 2016                    s/Gershwin A. Drain
Detroit, MI                               HON. GERSHWIN A. DRAIN
                                          United States District Court Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2016.

                                          s/Teresa McGovern
                                          Teresa McGovern
                                          Case Manager Generalist